In the Matter of the Application of LOUIS HIRSCH and Another, Copartners, Transacting Business under the Firm Name and Style of HIRSCH & SCHWARTZ and BRONX CEMETERY CORPORATION, Petitioners, for a Peremptory Order of Mandamus against THE DEPARTMENT OF HEALTH OF THE CITY OF NEW YORK and THE BOARD OF HEALTH OF THE DEPARTMENT OF HEALTH OF THE CITY OF NEW YORK, Respondents.

Supreme Court, New York County, November 28, 1925.

Cemeteries — consent of board of aldermen of city of New York necessary under Membership Corporations Law, § 65, to maintenance of cemetery in Bronx county — under Greater New York charter, § 42, board of aldermen is charged with duties of former common council — consent required, notwithstanding Membership Corporations Law, § 62.

Under section 65 of the Membership Corporations Law, providing that " no cemetery shall hereafter be located in any city * * * without the consent of the common council of such city," a cemetery corporation must procure the consent of the board of aldermen of the city of New York for the maintenance of a cemetery in Bronx county.

The board of aldermen of the city of New York, under section 42 of the Greater New York charter, possesses all the powers and duties which, prior to the enactment of said charter and at the time of the enactment of section 65 of the Membership Corporations Law, were charged upon the common council of the city of New York.

The fact that section 62 of the Membership Corporations Law requires the consent of " the board of aldermen of the city of New York," for the acquisition of cemetery lands in the counties of Kings and Queens, does not relieve a cemetery corporation from the duty of procuring the consent of the board of aldermen of the city of New York with respect to lands located in Bronx county.

APPLICATION for a peremptory order of mandamus to compel the board of health of the city of New York to issue a permit to bury a body in the land owned by the Bronx Cemetery Corporation situated in Bronx county.

*Edward J. Hogarty,* for the petitioners.

*George P. Nicholson, Corporation Counsel [William T. Kennedy* of counsel], for the respondents.

PROSKAUER, J. The application turns upon the question whether a cemetery corporation must procure the consent of the board of aldermen of the city of New York for the maintenance of a cemetery.

Section 65 of the Membership Corporations Law (as amd. by Laws of 1909, chap. 274) provides in subdivision 4 that " No cemetery shall hereafter be located in any city * * * without the consent of the common council of such city * * *."

This section was derived from section 45 of the Membership Corporations Law of 1895 (Laws of 1895, chap. 559). By section 2 of chapter 335 of the Laws of 1873 the board of aldermen of the city of New York was "declared to be the common council." By section 29 of chapter 410 of the Laws of 1882 it was provided: "The board of aldermen shall constitute the common council." This statute continued in force until 1897, when the charter of Greater New York was adopted (Laws of 1897, chap. 378). Therefore, at the time of the passage of section 45 of the Membership Corporations Law of 1895 (Laws of 1895, chap. 559), from which section 65 of the Membership Corporations Law of 1909 was derived, the legislative body of the city of New York was appropriately referred to as the common council, and there can be no doubt of the legislative intent to require the approval of the board of aldermen or other common council of the city of New York to the maintenance of a cemetery. This is abundantly confirmed by the revision of the charter (Laws of 1901, chap. 466, § 42), which provides: "Except as otherwise provided in this act, all the powers and duties which on December thirty-first, eighteen hundred and ninety-seven, were conferred or charged upon the common council * * * shall be exercised and performed by the board of aldermen of The City of New York * * *."

The petitioner urges that section 62 of article 4 of the Membership Corporations Law (as amd. by Laws of 1909, chap. 274, and Laws of 1911, chap. 706), restricted only to Kings and Queens of the New York city counties, provides specifically for consent of "The board of aldermen of the city of New York," and that, therefore, the inference should be drawn that the consent of this board is not required with respect to lands in Bronx county. These words were inserted in the previous statute by the Laws of 1909, chapter 274, section 2. At that time Bronx county had not been created and there was no reference in any statute specifically to New York county. The insertion of the words "The board of aldermen of the city of New York" evidently had to do with the incorporation of Kings and Queens counties into the greater city. The fact that the nomenclature was appropriately changed with reference to these counties does not support an inference that the Legislature intended to repeal the plain provisions of section 65 hereinbefore referred to.

It being conceded that the board of aldermen of the city of New York had never given the requisite statutory approval to the maintenance of this cemetery, the application will be denied.